IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALEXANDER G. GILLIANA                                                                    PLAINTIFF

VS.                              No. 4:15-CV-00283-BRW

RANDY WATSON, Warden, Varner Unit,
Arkansas Department of Corrections, *et al.*                                              DEFENDANTS

## ORDER

Pending is Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2), which was the subject of a hearing held yesterday. Ms. Christine Cryer appeared on behalf of the three ADC defendants, and Ms. Michelle Odum appeared for Correct Car Solutions. Ms. Odum did not appear on behalf of the two named nurses, Correct Care Solution's employees. She claimed they had not been served. However, one of the nurses – Amanda King – was in the courtroom.

### I.   BACKGROUND

Plaintiff has had life-long kidney trouble, and received a transplant 2005. Since the transplant, he must take anti-rejection drugs every twelve hours. Defendants concede that they were aware of Plaintiff's condition and that his anti-rejection medications are medically necessary. Except for a two day respite in late February, Plaintiff has been in custody since December 2014. He has been housed at the jail in Garland County and prisons in Calico Rock, Malvern, and Gould, Arkansas ("Varner"). Plaintiff was at Varner from late March to April 2, 2015 and again from April 22 to present. Events at Varner are the subject of this case.

It is undisputed that there have been numerous occasions when Plaintiff has not had his medications, as prescribed. For example, when arriving to Varner, Plaintiff went a week without his medications, after repeatedly being told that it was on order and would be in the next day. Plaintiff filed an emergency grievance on March 30, 2015, and a nurse drove to the Garland

1

County jail to retrieve Plaintiff's medications, which had been left behind.[1] When Plaintiff returned to Varner on April 22, he went without his medications only on the first day. Since his return, the issues appear to involve "pill call" and whether Plaintiff is getting his medications at the appropriate twelve-hour intervals.

Defendants contend that Plaintiff either was not showing up at "pill call" or refused to take the medications. However, Plaintiff asserts that if he did not show for pill call, it was because the interval was too short and if he refused to take a medication, it was because the dosage was wrong.

## II.   DISCUSSION

For the purpose of the temporary restraining order, the issue is irreparable harm. However, Plaintiff testified that since filing this lawsuit his medications have been disbursed as prescribed, so there is no irreparable harm. Additionally, Defendants assured the Court that they would provide Plaintiff his medications in the intervals prescribed. In view of the critical importance of the timely administration of the medications, this assurance is very important. All personnel of each defendant should be carefully instruction as to the importance of the administering of the right medicine at the precisely proper intervals.

### CONCLUSION

Based on the findings of fact and conclusions of law above, as well as those made in the hearing yesterday, Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2) is DENIED.

IT IS SO ORDERED this 1st day of June, 2015.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's Ex. 16.